**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JANE DOE 1 and JANE DOE 2, )
)
                  **Plaintiffs,** )
) **CIVIL ACTION**
v. )
) **No. 11-1351-KHV**
UNIFIED SCHOOL DISTRICT 331, )
)
                  **Defendant.** )
_____)

## MEMORANDUM AND ORDER

Plaintiffs bring suit under pseudonyms Jane Doe 1 and Jane Doe 2. See Amended Complaint (Doc. #16) filed July 11, 2012. On March 5, 2013, the Court ordered plaintiffs to show good cause in writing why the Court should not dismiss this case without prejudice because the Court has not granted plaintiffs permission to proceed anonymously and therefore lacks subject matter jurisdiction over them. See Order To Show Cause (Doc. #52) filed March 5, 2013 at 2-3. This matter comes before the Court on Plaintiffs' Response To The Court's Order To Show Cause And Motion For Permission To Proceed With Pseudonyms Or, Alternatively, For Leave To Substitute Under FRCP 17 ("Plaintiffs' Response") (Doc. #53) filed March 11, 2013. For reasons stated below, the Court denies plaintiffs permission to proceed with pseudonyms and grants them leave to file an amended complaint which substitutes plaintiffs in their real names as parties in interest.

## Legal Standards

The federal rules do not explicitly sanction the use of pseudonyms to conceal plaintiffs' real names. Indeed, it seems contrary to Rule 10(a), Fed. R. Civ. P., which requires the title of the

complaint to name all parties,[1] and Rule 17(a), Fed. R. Civ. P., which requires that an action be prosecuted in the name of the real party in interest.[2] In exceptional circumstances, however, courts have permitted a plaintiff to proceed under a fictitious name where disclosure of plaintiff's name would implicate significant privacy interests or threats of physical harm. Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989). To proceed under a pseudonym, a plaintiff must typically show that disclosure of her identity in the public record "would reveal highly sensitive and personal information that would result in social stigma or the threat of real and imminent physical harm." Raiser v. BYU, No. 04-4025, 127 Fed. Appx. 409, 411 (10th Cir. March 29, 2005).

Identifying a plaintiff only by a pseudonym is an unusual procedure which should be allowed

---

[1] Rule 10(a) states as follows:

Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Fed. R. Civ. P. 10(a).

[2] Rule 17(a) states as follows:

An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:
(A) an executor;
(B) an administrator;
(C) a guardian;
(D) a bailee;
(E) a trustee of an express trust;
(F) a party with whom or in whose name a contract has been made for another's benefit; and
(G) a party authorized by statute.

Fed. R. Civ. P. 17(a).

only where an important privacy interest must be recognized. M.M. v. Zavaras, 139 F.3d 798, 802 (10th Cir. 1998) (quoting Lindsey v. Dayton-Hudson Corp., 592 F.2d 118, 1125 (10th Cir. 1979)). In deciding whether to allow plaintiffs to proceed under the cloak of anonymity, the Court exercises "informed discretion" after taking all relevant factors into consideration. Zavaras, 139 F.3d at 803. In particular, the Court determines whether plaintiffs' interest in privacy outweighs the public interest in access to open court proceedings. See id.; Coe v. U.S. District Court for D. Colo., 676 F.2d 411, 481 (10th Cir. 1982). Most of the cases which have permitted the practice involved abortion, birth control and welfare prosecutions involving abandoned or illegitimate children. See Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118, 1125 (10th Cir. 1979). Plaintiffs alleging sexual harassment generally have not been allowed to proceed anonymously. See, e.g., Doe v. Bell Atl. Bus. Sys. Servs., Inc., 162 F.R.D. 418, 420 (D. Mass. 1995) (denying motion to proceed under pseudonym).

**Analysis**

Plaintiffs state that they are victims of childhood sexual harassment and battery and that they "seek protection from further trauma by being forced to be named in the caption." Plaintiffs' Response (Doc. #53) at 2. They allege that Kingman High School teacher, Chad Williams, sexually harassed them. The allegations involve suggestive sexual comments and sexual touching.[3] See Amended Complaint ¶¶ 9-11, 18-21. According to the amended complaint, Doe 1 graduated from high school early in December of 2010 and now lives in Kingman County, Kansas. Id. ¶¶ 1, 16. Doe 2 graduated from high school in 2006 and now lives in Texas. Id. ¶¶ 2, 8. Plaintiffs assert that

---

[3] Willams allegedly traced his finger down from Doe 2's nose to between her breasts, and put his hand on her rear and squeezed her left buttock. Amended Complaint (Doc. #16) ¶ 10.

-3-

"[d]ue to the sexual nature of the underlying claims," the Court should allow them to proceed anonymously. Plaintiffs' Response (Doc. #53) at 3. Plaintiffs assert that they have an interest in protecting their identity because they are victims of child sexual harassment by a teacher. They assert that defendant has always known their identities and that the public does not have a compelling interest in knowing their names. Id. at 4.

Plaintiffs' assertions do not demonstrate that their need for privacy outweighs the public interest in access to open court proceedings. The public has an interest in knowing all the facts surrounding plaintiffs' claims, including the identity of plaintiffs. See e.g., U.S. Dist. Ct. for D. Colo., 676 F.2d at 418. As the Tenth Circuit has stated,

> [l]awsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

Zavaras, 139 F.3d at 803 (quoting Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992)). Plaintiffs present no evidence that revealing their identities will disclose information of the utmost intimacy, or that such disclosure will have any undue detrimental effect on them. See, e.g., Doe v. Lepley, 185 F.R.D. 605, 607 (D. Nev. 1999). Plaintiffs are now adults. At most, it appears that their allegations involve embarrassing circumstances. The fact that plaintiffs may suffer some personal embarrassment, standing alone, does not warrant allowing them to proceed anonymously. See id.; Frank, 951 F.2d at 323; Bell Atl. Bus. Sys., 162 F.R.D. at 422.

On this record, plaintiffs have not shown that this case presents such an unusual situation that the need for party anonymity outweighs the public interest in open court proceedings. See Zavaras, 139 F.3d at 803; Doe v. FBI, 218 F.R.D. 256, 260 (D. Colo. 2003). Accordingly, the Court

overrules plaintiffs' motion to proceed with pseudonyms.

Alternatively, plaintiffs seek leave to file an amended complaint which substitutes the real names of plaintiffs. See Plaintiffs' Response (Doc. #53) at 4. Defendant has not responded to the request. In other briefings, defendant has suggested that the Court order plaintiffs to amend their complaint to substitute their real names. See Reply Memorandum In Support Of Defendant USD 331 Kingman-Norwich's Motion For Summary Judgment (Doc. #46) filed February 1, 2013 at 16. Under these circumstances, the Court will allow plaintiffs leave to so amend their complaint.

**IT IS THEREFORE ORDERED** that Plaintiffs' Response To The Court's Order To Show Cause And Motion For Permission To Proceed With Pseudonyms Or, Alternatively, For Leave To Substitute Under FRCP 17 ("Plaintiffs' Response") (Doc. #53) filed March 11, 2013 be and hereby is **SUSTAINED in part.** On or before **April 22, 2013,** plaintiffs may file an amended complaint which substitutes plaintiffs in their real names as parties in interest.

Dated this 15th day of April, 2013 at Kansas City, Kansas.

>                     s/ Kathryn H. Vratil
>                     Kathryn H. Vratil
>                     United States District Judge